**Kulwinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2148–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

Kulwinder Singh, Pro Se, S. Ozone Park, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney, Southern District of Georgia, Melissa S. Mundell, Assistant United States Attorney, Savannah, GA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Kulwinder Singh, a native and citizen of India, seeks review of an April 6, 2006, order of the BIA denying his motion to reopen removal proceedings. *In re Kulwinder Singh,* No. A70 647 423 (B.I.A. Apr. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review Singh's claim that he is eligible for adjustment of status, because he failed to exhaust that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, the petition for review is dismissed to that extent.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered," and generally only one such motion may be filed. 8 C.F.R. § 1003.2(c)(2). However, section 1003.2(c)(3)(ii) affords an exception to these limits for persons seeking to reopen proceedings based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered."

■ Here, the BIA did not abuse its discretion in finding that Singh's motion was untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2). This second motion to reopen was filed almost three years after the BIA issued its decision. Furthermore, the BIA did not abuse its discretion in finding that Singh failed to show an exception to these filing requirements based on changed circumstances in India. The BIA properly found that although the articles that Singh submitted showed the arrest and mistreatment of high-ranking political leaders and activists following the Congress Party's return to power, they did not show that he would be specifically targeted for persecution "more than 16 years after he last resided in India." Indeed, while some of the articles that Singh submitted report the arrest and alleged torture of Akali Dal leaders and activists in India, they do not indicate that the government would target him as a rank-and-file member of the All India Sikh Student Federation.

While Singh also presented affidavits with his motion, claiming that the police continue to raid his family's home, the BIA refused to credit them, finding that they "do not contain sufficient detail to conclude that the police are seeking [Singh] based on his political opinion or prior political activity." This finding was reasonable. While the affidavits conclusorily assert that Singh would be arrested or killed by the police if he returned to India because "the police already killed a number of

members of [A]ll India Sikh Student Federation and Akali Dal Mann members," none of the articles submitted with the motion supports that claim. Accordingly, because the BIA's findings were grounded in solid reasoning, it did not abuse its discretion in denying Singh's motion to reopen.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.